# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5728 | **DATE** | 11/15/2000 |
| **CASE TITLE** | MS Distributing Co. vs. National Record Mart, Inc. | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. **Reply to answer brief due**_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. M.S. will be given the option whether this action should preferably be transferred to this District Court's federal counterpart pursuant to 28 U.S.C. 1404(a) or 28 U.S.C. 1406 or whether, instead, the case should simply be placed on the back burner here via a stay until the Pennsylvania state court action reaches its end. If no response on that score is received from M.S.'s counsel on or before November 27, this Court will enter an appropriate transfer order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 16 2000 | |
| | Docketing to mail notices. | | docketing deputy initials | 14 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 NOV 15 PM 4: 13 | 11/15/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

M.S. DISTRIBUTING COMPANY,            )
                                      )
              Plaintiff,              )
                                      )
     v.                               )     No.  00 C 5728
                                      )
NATIONAL RECORD MART, INC.,           )
                                      )
              Defendant.              )

**DOCKETED**

**NOV 1 6 2000**

### MEMORANDUM OPINION

National Record Mart, Inc. ("National") has filed a motion seeking alternative relief--dismissal or a transfer of venue to a Pennsylvania district court--of this action brought against National by M.S. Distributing Company ("M.S."). That motion has now been fully briefed by the parties and is ripe for disposition.

Although M.S. complains about the procedure established by Pennsylvania law, National has explained why its earlier commencement of an action in the Court of Common Pleas of Allegheny County is, under 735 ILCS 5/2-619(a)(3),[1] "another

_____

[1] Fully a third of a century has elapsed since the late great District Judge Hubert Will first held that Illinois' "prior action pending" statute was applicable to diversity cases in the federal district courts. This Court, coincidentally enough having succeeded to Judge Will's seat on the bench when he took senior status, has (like many other judges) consistently adhered to that position during its own two decades on the bench. And though our Court of Appeals has never been called upon to rule squarely on the question (see Chrysler Credit Corp. v. Marino, 63 F.3d 574, 579 (7th Cir. 1995)), its opinion in Locke v. Bonello, 965 F.2d 534, 538 & n.3 (7th Cir. 1992) has suggested the same treatment.

action pending between the same parties for the same cause." And that is so even though that prior action seeks declaratory relief rather than money damages.

At the same time, what has been described as the "unflagging obligation" of a federal court to keep a case alive where a prior action has been brought in a state court rather than another federal court (<u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)) counsels against dismissal. Instead a preferable disposition is to <u>stay</u> the later federal court action until the state court case has been resolved--for example, to protect against any possibility that a plaintiff such as M.S. seeking money damages (which it can, of course, seek through a counterclaim in the Pennsylvania action) may nonetheless be left without an effective remedy. Moreover, such a stay will most likely obviate the need for this Court to decide the issues of personal jurisdiction over National or the propriety of filing this action in this venue, both of which National has attacked here.

Accordingly M.S. will be given the option whether this action should preferably be transferred to this District Court's federal counterpart pursuant to 28 U.S.C. §1404(a) or 28 U.S.C. §1406 or whether, instead, the case should simply be placed on the back burner here via a stay until the Pennsylvania state court action reaches its end. If no response on that score is

2

received from M.S.'s counsel on or before November 27, 2000, this

Court will enter an appropriate transfer order.

_____
Milton I. Shadur
Senior United States District Judge

Date:   November 15, 2000